# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NORMAN T. POWELL,

    Plaintiff,

vs.

JOE BRACKBILL, *et al.*,

    Defendants.

3:07-cv-00463-LRH-RAM

<u>ORDER</u>

This removed prison civil rights action comes before the Court on the plaintiff's motion (#8) for a temporary restraining order, on his motion (#12) for appointment of counsel, and his filing docketed as a motion (#27) and titled as a "propose[d] consent decree."

Plaintiff has been transferred to the Lovelock Correctional Center from Ely State Prison. #27, at 3; #28. Plaintiff accordingly has obtained the object of his motion for a temporary restraining order, as Lovelock is one of the alternative facilities to which plaintiff sought to be transferred. The Court is not persuaded – at the very least with respect to the request for a temporary restraining order, which is the only injunctive request presently before the Court for decision – by plaintiff's argument that temporary injunctive relief should be granted at this juncture on the basis that the situation is one which is capable of repetition, yet evading review. Moreover, the limiting provision of 42 U.S.C. § 1997(e) vis-à-vis injunctive relief relied upon by plaintiff does not aid his argument because the provision concerns the grant, rather than the denial, of relief. The motion for a temporary restraining order therefore will be denied, and the hearing scheduled in this matter accordingly will be canceled.

In the proposed consent decree itself, petitioner in essence makes a monetary settlement offer. Such an offer is not a matter to be filed into the record, but instead is to be conveyed to defense counsel outside the record. A proposed consent decree, as the word consent implies, otherwise is a proposed order filed jointly by the parties after a settlement has been reached in certain cases, not a proposed order filed unilaterally by one side of the case before a settlement is agreed upon. To the extent that the filing is docketed as a motion and otherwise seeks relief, the motion will be denied. The Court continues to encourage the parties to consider a possible amicable resolution of the case.

On the motion for appointment of counsel, there is no constitutional right to appointed counsel in a Section 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See,e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id*. Looking to both the likelihood of success and plaintiff's ability to articulate the claims presented, the Court does not find that exceptional circumstances exist in this case.

Plaintiff should note that he must sign a motion, the verification, and the certificate of service with separate signatures, not simply one signature at the end of the certificate of service.

IT THEREFORE IS ORDERED that the plaintiff's motion (#8) for a temporary restraining order is DENIED as moot.

////

IT FURTHER IS ORDERED that the hearing scheduled on the motion for 1:30 p.m. on February 19, 2008, is CANCELED.

IT FURTHER IS ORDERED that plaintiff's motion (#12) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that plaintiff's filing docketed as a motion (#27) and titled as a "propose[d] consent decree" is DENIED to the extent that the filing is docketed as a motion and otherwise seeks relief.

DATED this 23rd day of January, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE