# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NORMAN T. POWELL,

    *Plaintiff*,

vs.

JOE BRACKBILL, *et al.,*

    *Defendants*.

3:07-cv-00463-LRH-RAM

ORDER

    This removed prison civil rights action comes before the Court on the plaintiff's motion (#37) for an extension of time to file a notice of appeal. Plaintiff seeks to appeal this Court's order (#29) entered on January 24, 2008, denying plaintiff's motion (#8) for a temporary restraining order. The motion sought an order transferring plaintiff to a different institution. The Court denied the motion as moot after plaintiff was transferred to a facility that he had stated on the record was one to which he wished to be transferred.

    Out of an abundance of caution, the motion to extend the time for the filing of a notice of appeal will be granted. The Court is not persuaded that it should deny a *pro se* motion seeking to avoid a bar to an appeal for untimeliness based upon a correctional officer's assessment of what a prisoner with the plaintiff's medical condition can see with the lighting available in a cell. The officer's affidavit does not address the sufficiency of the lighting in the cell vis-à-vis a prisoner with plaintiff's visual impairments, and the officer in any event would not be a competent witness to address that issue.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that the appeal is not taken in good faith. With deference to the final authority of the Court of Appeals to determine its own jurisdiction, it does not appear that there is appellate jurisdiction over the appeal. A denial of a temporary restraining order is not appealable. *E.g., Office of Personnel Management v. American Federation of Government Employees*, 473 U.S. 1301, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985). The Court in this instance expressly noted that a request for a temporary restraining order was the only request for injunctive relief that then was before the Court. The order in no sense was intended to act, nor did it act, either as a *de facto* denial of any other request for injunctive relief or as a final disposition on the merits of the case. Plaintiff thus is seeking improperly to appeal a nonappealable order.

IT THEREFORE IS ORDERED that the plaintiff's motion (#37) for an extension of time to file a notice of appeal is GRANTED, that the Clerk of Court shall file the notice of appeal submitted with #37, and that the Clerk shall process the appeal. The Court notes in this regard that plaintiff has not previously been granted pauper status in this removed case.

IT FURTHER IS ORDERED pursuant to 28 U.S.C. § 1915(a)(3) and in anticipation of an application to appeal *in forma pauperis*, that the Court certifies to the Court of Appeals that the appeal is not taken in good faith.

IT FURTHER IS ORDERED, so that the certification herein shall be clearly marked on the docket for review by the Court of Appeals, that the Clerk of Court shall docket this order on the docket sheet as an order that both grants the motion for an extension of time to file a notice of appeal and further certifies to the Court of Appeals that the appeal is not taken in good faith.

DATED this 27th day of March, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE